## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

CHERIE TWITTY,                                    :
                                                  :
                                    Plaintiff     :
                                                  :
v.                                                :
                                                  :
COLLECTCORP CORPORATION                           :
                                                  :
    SERVE:    CT Corporation System        :        Civil Action No. 3:08cv382
                4701 Cox Road, Suite 301    :
                Glen Allen, VA 23060        :
                                                  :
                                    Defendant.    :

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.       This is an action brought by a consumer in response to the Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in harassing and abusive debt collection practices.

### JURISDICTION

2.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.       Plaintiff Cherie Twitty is a natural person and a resident of the Eastern District of Virginia.

4.       Defendant CollectCorp Corporation (hereafter, "CollectCorp," or "the Defendant") is a foreign corporation which regularly conducts business in Virginia.  The Defendant's principal business purpose is the collection of debts.

5.      The Defendant regularly collects or attempts to collect debts owed or due or asserted to be

owed or due another and is a "debt collector" as that term is defined by the FDCPA, as defined at 15

U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.      Plaintiff's grandfather, Robert Lee Jones (hereafter, "Mr. Jones" or "Plaintiff's

grandfather"), was allegedly an obligor on a credit card at some point, years in the past. He has no

recollection of the same. Upon information and belief, he was never obligated on the debt, and the

Defendant recklessly identified him as the debtor based on insufficient identification information or a

"skip trace" report, given the commonality of his name.

7.      Upon information and belief, the account was thereafter sold to Defendant CollectCorp,

and CollectCorp began engaging in collection activity on the debt.

8.      Defendant CollectCorp thereafter placed multiple phone calls to the Plaintiff's household

regarding the account and communicated information to several family members regarding Plaintiff's

grandfather's alleged debt.

9.      On May 12, Defendant CollectCorp placed such a call to the Plaintiff at her home

residence. Plaintiff spoke with an employee of the Defendant who refused to provide any identification

whatsoever when she requested that he do so.

10.     During the initial phone call, the Defendant's employee asked to speak to Plaintiff's

husband, Joseph Twitty, and further alleged that Plaintiff's grandfather had listed Joseph Twitty as his

next of kin. This statement was false on its face. The CollectCorp employee demanded that Plaintiff state

whether her husband was home or not, and she indicated that if the employee would simply provide her

with additional information regarding the identity of his employer and phone number, she would have her

husband return the call when he was available.  The Defendant's employee refused her request and eventually terminated the call.

11.     When Plaintiff's husband returned home, Plaintiff informed him of the telephone conversation she had with the Defendant.  Mr. Twitty contacted the telephone service provider in attempts to trace the call, as it was listed on their Caller ID as "Unknown Caller."  Upon information and belief, the Defendant's standard business practice is to configure its telephonic dialing software such that its true Caller Identification information is electronically masked.

12.     Later that afternoon, Plaintiff received a call from her mother informing her that an individual by the name of Eugene Kagan had left a voicemail message concerning her grandfather.  The message stated that Plaintiff's mother was listed as "an associate" for Plaintiff's grandfather and asked her for assistance in locating the individual currently responsible for managing her grandfather's financial affairs, given that Plaintiff's grandfather was in a nursing home and an "urgent matter" had arisen concerning him.  Plaintiff's mother became frightened and worried about Plaintiff's grandfather's physical condition from the urgent tone of the voicemail and immediately relayed Eugene Kagan's contact information to the Plaintiff.

14.     That evening, Plaintiff contacted the Defendant's employee who was using the collection alias "Eugene Kagan," and had left her mother a voicemail inquiring into the status of her grandfather's debt.  In this call, Plaintiff asked Mr. Kagan about the purpose of his voicemail which had upset her mother.  Mr. Kagan, however, became immediately hostile with the Plaintiff when questioned.  In a loud and abusive manner, Mr. Kagan stated that the law did not require him to tell the Plaintiff who he worked for and repeatedly ignored Plaintiff's questions, instead repeatedly demanding to know if Plaintiff was in contact with her grandfather.  Plaintiff stated several times throughout the call that she wanted to speak to

a representative from the legal department and that Mr. Kagan had no right to harass her family with his repeated calls.

15.     Mr. Kagan adamantly refused Plaintiff's repeated requests to speak to someone in the legal department and instead insulted her and impugned her "professionalism".

16.     After reiterating her request to speak to someone in the legal department, and after Mr. Kagan responded with several personal attacks and insults, Plaintiff terminated the call. She then again called the Defendant in attempts to speak with an individual in the legal department. Plaintiff spoke with an employee of the Defendant, who identified himself as "Ozzy Bristol," but who then refused to discuss the matter with her and transferred Plaintiff back to Mr. Kagan.

17.     Mr. Kagan continued his personal attack on the Plaintiff and stated that her grandfather was "doing a good job dodging his bills" and that he was using her to assist in that effort.

18.     Mr. Kagan transferred Plaintiff to an employee of the Defendant he identified as his supervisor, Mr. Ray Quereshi. Quereshi then began interrogating the Plaintiff further concerning her grandfather and the alleged debt. Upon information and belief, Mr. Quereshi was not Mr. Kagan's supervisor, but rather a co-worker posing as his supervisor.

19.     Upon noticing his wife's emotional state, Plaintiff's husband then took over the call. Mr. Twitty reiterated his wife's requests to be transferred to the legal department and asserted that the Defendant had no right to contact or hound them concerning a debt that was not theirs. Mr. Quereshi continued to refuse to allow Mr. Twitty to speak with the Defendant's attorney. Plaintiff took the call from her husband, and Mr. Quereshi immediately demanded to be transferred back to Plaintiff's husband, because he "sounded more intelligent than her." Plaintiff terminated the call.

20.     Later that day, after speaking with multiple family members, Plaintiff was outraged to learn that Mr. Kagan not only attempted to contact her father, but also spoke with her sister and an aunt on

the same day concerning Plaintiff's grandfather and continued his pattern of personal attacks and accusations. By way of example only, Mr. Kagan accused Plaintiff's sister of aiding Plaintiff's grandfather in "dodging his debts", and stated that he (Mr. Kagan) had the legal right to continue to call her or any of her family members until she "changed her attitude," "fess[ed] up," [sic] and provided the information that he demanded. After further conversation which left her visibly emotionally distraught, Plaintiff's sister terminated the call.

### FIRST CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692b(1)

21.     Plaintiff reincorporates the allegations set forth in paragraphs 1-20 above as if fully set out herein.

22.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692b(1) by its actions including, but not limited to, the representations made by the Defendant during its communications with third parties regarding the debt by failing to identify himself and the identity of his employer, following an express request that he do so, and by failing to state that he was confirming or correcting location information concerning Plaintiff's grandfather.

23.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced severe emotional distress, anger, sleeplessness, anxiety, fear, humiliation, loss of concentration, and other economic and non-economic damages.

### SECOND CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692b(2)

24.     Plaintiff reincorporates the allegations set forth in paragraphs 1-23 above as if fully set out herein.

25.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692b(2) by its actions including, but not limited to, the representations made by the Defendant during its communications with third parties regarding the debt by stating that the Plaintiff's grandfather was obliged on such debt.

26.     As a result of the actions taken by the Defendant, which include, but are not limited to, its attacks made against Plaintiff personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced severe emotional distress, anger, sleeplessness, anxiety, fear, humiliation, loss of concentration, and other economic and non-economic damages.

### THIRD CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692b(3)

27.     Plaintiff reincorporates the allegations set forth in paragraphs 1-26 above as if fully set out herein.

28.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692b(3) by its actions including, but not limited to, the representations made by the Defendant during its repeated communications with third parties when the Defendant had no reasonable basis to believe that the earlier responses of said third parties concerning their knowledge of Mr. Jones' location information were erroneous or incomplete.

29.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced severe emotional distress, anger, sleeplessness, anxiety, fear, humiliation, loss of concentration, and other economic and non-economic damages.

### FOURTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692c(b)

30.     Plaintiff reincorporates the allegations set forth in paragraphs 1-29 above as if fully set out herein.

31.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by its actions including the statements made by the Defendant during its repeated, unauthorized communications with Plaintiff's family members regarding the debt without Plaintiff's grandfather's consent to do so.

32.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced severe emotional distress, anger, sleeplessness, anxiety, fear, humiliation, loss of concentration, and other economic and non-economic damages.

### FIFTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d(2)

33.     Plaintiff reincorporates the allegations set forth in paragraphs 1-32 above as if fully set out herein.

34.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d(2) by its actions which include, but are not limited to, abusing and harassing the Plaintiff by characterizing her in a loud and menacing tone of voice as unprofessional and unintelligent.  The Defendant additionally violated §1692d(6) by placing telephone calls without a meaningful disclosure of the caller's identity, by using a collection alias, and by failing to state the name of the entity on whose behalf the call was initiated.

35.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiff

has experienced severe emotional distress, anger, sleeplessness, anxiety, fear, humiliation, loss of concentration, and other economic and non-economic damages.

## SIXTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e

36.     Plaintiff reincorporates the allegations set forth in paragraphs 1-35 above as if fully set out herein.

37.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e by its actions which include, but are not limited to, its use of false, deceptive, and misleading representations in its attempts to collect on the alleged debt.

38.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its violations of the law in its communications to third-parties regarding the debt, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced severe emotional distress, anger, sleeplessness, anxiety, fear, humiliation, loss of concentration, and other economic and non-economic damages.

WHEREFORE, Your Plaintiff demands judgment for actual, compensatory, statutory, and punitive damages against the Defendant; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, for injunctive and declaratory relief, including specifically, that it be enjoined from any further contact with the Plaintiff; and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**CHERIE M. BURGESS TWITTY**

By: _Matthew A Erwin_
Of Counsel

Page 8

Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, VA  22030
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com